UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIERRE TSHISHIMBI-BASHALE,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER SOUSA #995 and BOISE POLICE DEPARTMENT,<br><br>Defendants. | Case No. 1:24-cv-00178-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Pierre Tshishimbi-Bashale's Complaint (Dkt. 2) and In Forma Pauperis Application (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Tshishimbi-Bashale's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Tshishimbi-Bashale's complaint to ensure it meets minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court grants Tshishimbi-Bashale's in forma pauperis application, dismisses his complaint without prejudice for failure to state a claim, and grants Tshishimbi-Bashale leave to file an amended complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor."

28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit

that includes a statement of all assets he possesses and that indicates he is unable to pay the fee

required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay

or give security for the costs" and still be able to provide for himself and dependents the

"necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The

affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and

certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks

omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has reviewed Tshishimbi-Bashale's in forma pauperis application. (*See* Dkt. 1).

Tshishimbi-Bashale reports a total monthly income of $1,195 and total monthly expenses of

$2,000. (Dkt. 1 at pp. 2, 4). Tshishimbi-Bashale further reports less than $200 cash on hand and

limited assets. (*Id.* at p. 3). Tshishimbi-Bashale states he lives on Social Security disability income

and is unable to afford his current expenses. (*Id.* at p. 5). Given Tshishimbi-Bashale's lack of assets

and minimal monthly income, the Court finds he is unable to pay the filing fee in this case. The

Court grants Tshishimbi-Bashale's application to proceed in forma pauperis.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis

status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion

thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted;

or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i)(iii). To state a claim upon which relief can be granted, a plaintiff's complaint

must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Tshishimbi-Bashale's complaint names two defendants: Officer Sousa #995 and the Boise Police Department. (Dkt. 2 at p. 2). Tshishimbi-Bashale indicates federal question is the basis for this Court's jurisdiction, but he does not specify what federal law applies. (*Id.* at p. 3). In stating his claim, Tshishimbi-Bashale alleges that he was taken advantage of by the husband of "[t]he party non cited or named on the citation" and that "the officer applied privallege on the behalf of the other party by taking advantage of my behalf." (*Id.* at pp. 3-4). Tshishimbi-Bashale has not stated a claim upon which relief may be granted. The Court will, however, grant Tshishimbi-Bashale forty-five (45) days to amend his complaint to remedy the following deficiencies.

To state a plausible civil rights claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A complaint fails, however, to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and the plaintiff's alleged injury or damage. In other words, although Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Tshishimbi-Bashale's complaint does not allege sufficient facts to support that his rights were violated. Although the complaint offers the conclusory statement that the officer did something on behalf of another citizen to the detriment of Tshishimbi-Bashale, the complaint does not allege a particular right of Tshishimbi-Bashale or the applicable legal standard. Thus, the Court is left to guess as to what legal framework it should apply to evaluate the officer's actions. Moreover, Tshishimbi-Bashale's complaint fails to state a claim for relief because it provides insufficient details about the alleged harm. For example, Tshishimbi-Bashale does not offer any detail as to how either defendant specifically violated his rights or otherwise harmed him in violation of federal law. Indeed, Tshishimbi-Bashale does not specify how the Boise Police Department, for example, is involved at all.

Accordingly, the Court dismisses Tshishimbi-Bashale's complaint without prejudice and grants him leave to file an amended complaint. If Tshishimbi-Bashale chooses to amend his complaint, he must specify how he suffered a constitutional or statutory violation, and he must provide sufficient factual background to support each claim made.

## IV. CONCLUSION

Tshishimbi-Bashale is unable to pay the filing fee in this case, and his application to proceed in forma pauperis is granted. However, the Court finds Tshishimbi-Bashale's complaint does not state a plausible claim for relief. Accordingly, Tshishimbi-Bashale must amend his complaint to proceed in this action.

## V. ORDER

**IT IS ORDERED that:**

1.      Tshishimbi-Bashale's In Forma Pauperis Application (Dkt. 1) is **GRANTED**. Tshishimbi-Bashale is not required to pay a filing fee.

2.      Tshishimbi-Bashale's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Tshishimbi-Bashale leave to file an amended complaint in substantial compliance with this Court's analysis above. **Tshishimbi-Bashale must file his Amended Complaint within forty-five (45) days of the issuance of this Order.**

3.      Failure to file an amended complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: June 06, 2024

*Amanda K. Brailsford*
_____
Amanda K. Brailsford
U.S. District Court Judge